IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL W. MCCOWAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | |
| GREAT WEST CASUALTY COMPANY, | § | _____ |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1331, 1332, 1441 and 1446, DEFENDANT GREAT WEST CASUALTY COMPANY ("Defendant" or "GWCC") respectfully removes to this Court the action filed by Plaintiff DARRELL W. MCCOWAN ("Plaintiff" or "McCowan") and captioned Cause No. DC-19-06818, *Darrell W. McCowan v. Great West Casualty Company*, in the 116th Judicial District Court of Dallas County, Texas (the "State Court Litigation"). In support of removal, Defendant states as follows:

## I. INTRODUCTION

1.      On May 13, 2019, Plaintiff commenced the State Court Litigation by filing Plaintiff's Original Petition (the "Original Petition") in the 116th Judicial District Court of Dallas County, Texas. In his Original Petition, Plaintiff asserts claims for race and color discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII") and Chapter 21 of the Texas Labor Code ("Chapter 21"), along with claims of race and color discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981").

*See* Original Petition ¶¶ 42 - 76. Plaintiff seeks monetary relief of over $200,000.00.  Original

Petition ¶ 19.

2.      GWCC was served with Plaintiff's Original Petition and Summons via its

registered agent on May 20, 2019.

3.      GWCC timely filed its Original Answer, which includes a General Denial, in state

court on June 6, 2019.

## II.  GROUNDS FOR REMOVAL

1.      Removal is proper because the State Court Litigation is one over which the federal

district courts have original jurisdiction. *See* 28 U.S.C. ¶ 1441(a). Specifically, this Court has

original jurisdiction over this civil action because (i) Plaintiff's claims present a federal question,

*see* 28 U.S.C. § 1331, and (ii) there is complete diversity of citizenship among the parties and the

amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a).

### B.      Federal Question Jurisdiction

1.      A federal district court has original jurisdiction under 28 U.S.C. § 1331, over all

civil actions arising under the Constitution, laws, or treaties of the United States.  In the State Court

Litigation, Plaintiff asserts that he was subject to discrimination, retaliation, and a hostile work

environment on the basis of his race and color, in violation of Title VII and Section 1981, and

seeks damages pursuant to these statutes as a result. *See* Original Petition ¶¶ 57-76. Plaintiff's

asserted causes of action under Title VII and Section 1981 are those over which this Court has

original jurisdiction under 28 U.S.C. § 1331. As such, this is a matter which may be removed to

this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

2.      In addition, Plaintiff alleges state law claims under Chapter 21 over which this

Court has supplemental jurisdiction. 28 U.S.C. § 1367(a); *see* Original Petition ¶¶ 42-56. Plaintiff's

state law claims under Chapter 21 are so related to Plaintiff's claims under Title VII and Section 1981 – over which this Court has original jurisdiction – that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). Further, Plaintiff's claims under Chapter 21 do not present independent, novel or complex state law issues. *See* 28 U.S.C. § 1367(a), (c).

C.     **Diversity Jurisdiction**

1.     This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this matter is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441. Defendant is incorporated under the laws of – and is headquartered in – Nebraska. *See* EXHIBIT A, Declaration of Craig A. Posson ("Posson Declaration"). Defendant's Nebraska headquarters, located at 1100 West 29th St., South Sioux City, Nebraska 68776, serves as the center of direction, control, and coordination for the Company's operations. *See* EXHIBIT A, Posson Declaration. The majority of Defendant's executive and administrative functions (including, but not limited to, operations, corporate finance, accounting, human resources, payroll management, marketing, legal, and information systems) are performed at its headquarters, and Defendant's corporate officers, including its Chairman, CEO, President and Chief Underwriting Officer, Executive Vice-President and COO, and Sr. Vice-President and Chief Accounting Officer work from its headquarters. *See* EXHIBIT A, Posson Declaration. As such, Defendant's principal place of business is in Nebraska, and consequently, at the time of filing and at the time of removal, GWCC was and continues to be a citizen of Nebraska. 28 U.S.C. §1332(c). *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192-1193, 175 L.Ed.2d 1029 (2010) (term "principal place of business" in federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control and coordinate the corporation's activities); *Tour Strategy LLC v. Star-*

*Telegram, Inc.*, No. 4:18-cv-074-A, 2018 WL 1796555, at *3 (N.D. Tex. April 16, 2018) (applying *Hertz* to conclude that the defendant's principal place of business was in California, despite evidence that almost all of the defendant's employees were in Texas and most of its visible business activities occurred in this state, based on the dispositive fact that the corporation's high level officers directed, controlled and coordinated the defendant's activities from California).

2.      Neither Defendant's headquarters nor its principal place of business were ever located in the State of Texas. *See* EXHIBIT A, Posson Declaration. No change of citizenship has occurred since the commencement of the State Court Litigation.

3.      Plaintiff is Texas citizen and resident. *See* Original Petition, ¶ 1. Therefore, complete diversity of citizenship exists between Plaintiff and GWCC. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

4.      Additionally, as reflected in his Original Petition, Plaintiff is seeking monetary damages in excess of $200,000. *See* Original Petition, ¶ 19.  Accordingly, as is evident from the face of Plaintiff's Original Petition, this case exceeds the requisite amount in controversy of $75,000. 28 U.S.C. § 1332(a).

5.      Because there is complete diversity of citizenship between the parties involved in this lawsuit and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), and – as such – removal of this case is proper under 28 U.S.C. § 1441(a).

### III. <u>REMOVAL IS TIMELY</u>

1.      Defendant files this Notice within 30 days of receipt and service of Plaintiff's Original Petition. Accordingly, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

## IV.  <u>NOTICE</u>

1.       Upon filing this Notice of Removal, Defendant will provide written notification to Plaintiff and will file a copy of this Notice of Removal with the District Clerk for the 116th Judicial District Court of Dallas County, Texas, in accord with 28 U.S.C. § 1446(d).

## V.  <u>VENUE IS PROPER</u>

1.       By reason of the foregoing, Defendant is entitled to have this cause removed from the 116th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, such being the district and division where this suit is currently pending, and conditioned that Defendant will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that this case was not removable or not properly removed. *See* 28 U.S.C. § 1441(a).

## VI.  <u>INDEX OF MATTERS BEING FILED</u>

1.       In accordance with 28 U.S.C. § 1446(a) and/or Local Rule 81.1, attached hereto as EXHIBIT "B" is an index and true and correct copies of all process, pleadings, and orders filed in the State Court Litigation, as well as the docket sheet for the State Court Litigation. Other than the items attached as Exhibit B, no other pleadings or motions have been filed, and no other orders have been signed, in the State Court Litigation.

2.       Furthermore, contemporaneous with the filing of this Notice, Defendant is filing separately a signed certificate of interested persons that complies with Local Rule 3.1(c) or 3.2(e). Defendant is also filing contemporaneously herewith its civil coversheet and its supplemental coversheet.

## VII.  JURY DEMAND

1.     Plaintiff demanded a jury in the state court action. *See* Plaintiff's Original Petition, ¶ 81.

## VIII.  CONCLUSION

WHEREFORE, pursuant to the aforesaid statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, Defendant removes the case styled *Darrell W. McCowan v. Great West Casualty Company, Cause No. DC-19-06818*, from the District Court of Dallas County, 116th Judicial District, as of the 11th day of June, 2019, and requests that, upon final resolution of the matter, Plaintiff take nothing by way of his claims against Defendant, and that Defendant receive such other and further relief, as law or in equity, to which it may be justly entitled. Defendant further prays that this Court place this action on its docket for further proceedings and that this Court issue all necessary orders.

Dated:  June 11, 2019

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP


*/s/Robert E. Sheeder*
Robert E. Sheeder
Attorney-in-Charge
State Bar No. 18174300
robert.sheeder@morganlewis.com

Lauren A. West
State Bar No. 24070831
lauren.west@morganlewis.com

1717 Main Street, Suite 3200
Dallas, Texas 75201
T:  (214).466.4000
F:  (214).466.4001

ATTORNEYS FOR DEFENDANT
GREAT WEST CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June 2019, I electronically filed ***Defendant's Notice of Removal*** with the Clerk of the Court using the CM/ECF system.  Any counsel not registered with the CM/ECF system are being served by certified mail, return receipt requested:

*/s/ Robert E. Sheeder*
Robert E. Sheeder

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DARRELL W. MCCOWAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | |
| GREAT WEST CASUALTY COMPANY, | § | _____ |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DECLARATION OF CRAIG A. POSSON

1.　　　　My name is Craig A. Posson. I am over eighteen years of age, of sound mind, have never been convicted of a felony, and am capable of making this Declaration. I have personal knowledge regarding the facts and statements made herein and they are true and correct.

2.　　　　I am the General Counsel and Secretary of Great West Casualty Company. I have held this position with Great West Casualty Company ("GWCC") since November 1, 2013.

3.　　　　GWCC is a corporation organized and existing under the laws of the State of Nebraska. Its headquarters and principal place of business is located at 1100 West 29th St., South Sioux City, Nebraska 68776.

4.　　　　GWCC's headquarters serve as the center of direction, control, and coordination for the Company's operations. The majority of GWCC's executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll management, marketing, legal, and information systems) are performed at Defendant's corporate headquarters. Its Chairman, CEO, President and Chief Underwriting Officer, Executive Vice-President and COO, and Sr. Vice-President & Chief Accounting Officer all work at its headquarters.

5.　　　　Neither GWCC's headquarters nor principal place of business were ever located in the State of Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 4th day of June, 2019.

_____
Craig A. Posson

**DECLARATION OF CRAIG A. POSSON**　　　　　　　　　　　　　　　　**PAGE - 1**
DB1/ 104413881.4

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL W. MCCOWAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | _____ |
| GREAT WEST CASUALTY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## INDEX OF STATE COURT DOCUMENTS

| | | |
|---|---|---|
| 1. | 05/13/2019 | Plaintiff's Original Petition |
| 2. | 05/15/2019 | Issue Citation |
| 3. | 05/20/2019 | Executed Citation |
| 4. | 06/06/2019 | Defendant's General Denial |
| 5. | 06/07/2019 | Reid Vacation Letter |
| 6. | 06/10/2019 | Sheeder Vacation Letter |
| 7. | | Docket/Case Information Sheet |

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**GREAT WEST CASUALTY COMPANY**
**SERVE ATTORNEY FOR SERVICE**
**DAVID SARGENT**
**1717 MAIN ST STE 4750**
**DALLAS TX 75201-7346**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DARRELL W MCCOWAN**

Filed in said Court **13th day of May, 2019** against

**GREAT WEST CASUALTY COMPANY**

For Suit, said suit being numbered **DC-19-06818,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of May, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____ , Deputy
   FERNANDO SOTO

**ESERVE**

**CITATION**

**DC-19-06818**

**DARRELL W MCCOWAN**
vs.
**GREAT WEST CASUALTY COMPANY**

ISSUED THIS
**15th day of May, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  FERNANDO SOTO, Deputy

**Attorney for Plaintiff**
WILLIAM E REID
REID & DENNIS PC
2600 DALLAS PARKWAY
SUITE 380
DALLAS TX  75034-8128
214-618-1400

wreid@reiddennis.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

FILED
DALLAS COUNTY
5/13/2019 1:12 PM
FELICIA PITRE
DISTRICT CLERK

Stephanie Clark

DC-19-06818

NO. _____

| | | |
|---|---|---|
| **DARRELL W. MCCOWAN** | § | **IN THE DISTRIC COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **GREAT WEST CASUALTY COMPANY** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DARRELL MCCOWAN files Plaintiff's Original Petition against Defendant GREAT WEST CASUALTY COMPANY (Defendant or Great West) and in support thereof would respectfully show the Court as follows:

### I.
### THE PARTIES

1. **Darrell McCowan** at all times material hereto, was a Texas citizen and resident. Plaintiff was employed by Great West at a facility in Texas, where Great West maintains its principal place of business. Great West does business in Texas. Plaintiff has been subjected to unlawful employment practices committed in the State of Texas.

2. **Great West Casualty Company is an employer within the meaning of Chapter 21 of the Texas Labor Code. Great West is** a Nebraska corporation licensed to sell insurance in the state of Texas. Great West Casualty Company can be served with process by serving its attorney for service, David Sargent, 1717 Main St., Ste 4750, Dallas Texas, 75201-7346.

**ISSUANCE OF CITATION IS HEREBY REQUESTED.**

### II.
### SUMMARY OF ACTION

---

**PLAINTIFF'S ORIGINAL PETITION – Page 1**

3. This is a suit seeking compensatory, declaratory, injunctive and other relief to secure the rights of Plaintiff under Chapter 21 of the Texas Labor Code. This suit is being brought to prevent Great West from maintaining its policy, practice, custom or usage of discriminating against Plaintiff in regard to compensation, terms, conditions and privileges of employment.

4. Defendant Great West prides itself as being *one of America's largest insurers of trucking companies because of our reputation for unparalleled products and services.* Great West has five offices throughout the United States, one of them located in Texas. Defendant Great West employed at least fifteen or more employees.

5. Darrell McCowan asserts a disparate discipline discrimination claim. Mr. McCowan was treated differently than similarly situated co-workers who engaged in comparable rule or policy violations and received more lenient discipline. Non-black African American co-workers involved in acts against Great Western of comparable seriousness received more favorable treatment.

6. Great West's website Corporate Culture page states: **"Our Golden Rule"** is: ***"Respect the dignity of each individual and treat all persons impacted by our actions and decisions with fairness and honesty."*** Great West seemingly understood that employees are human and make mistakes unless they are African American.

7. Great West showed compassion and understanding to non-black African American employees who did not follow company policy and engaged in conduct of more or comparable seriousness: i.e. stealing, using the company credit card for personal use, falling asleep at work at their desk, coming to work intoxicated and drinking alcohol during lunch, not answering the phone when designated as the "on-call adjuster" and/or using the

---

**PLAINTIFF'S ORIGINAL PETITION – Page 2**

company credit card for placing gambling debts. For company infractions such as these, non-black African American employees received grace and more lenient discipline and were put on corrective action plans and given the opportunity to continue their employment. Mr. McCowan's immediate supervisor understood this and objected to Great West's decision to terminate Mr. McCowan. Great West did not enforce its rules evenhandedly. The stated reasons Great West used for terminating Mr. McCowan were simply pretext.

8. Great West's corporate management did not treat black African-American employees the same as it treated its non-black African American employees. Great West dealt with its non-black African American employees differently, as long as they did not oppose or object to Great West's racial discrimination of African American employees.

9. Plaintiff Darrell McCowan is a Black African American male who had worked at Great West's Texas office for 5 years, when he was suddenly and maliciously terminated and accused of "fraud" during the holiday season in December 2018. Great West's Nebraska corporate management implemented disparate treatment of Mr. McCowan that failed to meet the basic definition of respect and failed to comply with Great West's Texas HR policy and course of dealing.

10. Great West contends that in December 2018, a client contacted Great West regarding the status of an accident claim. Great West's Vice President of Claims, Vance Severson, had Texas Assistant Vice President of Claims, Richard Bapst, the second in command of Great West's Texas office investigate and examine the matter. Mr. Bapst determined that claims adjuster, Darrell McCowan, made a mistake and had incorrectly entered notes into the computer system prematurely showing he had contacted a client, Dillon Transport, on a

date when he hadn't. Mr. Bapst advised Mr. Severson that Mr. McCowan was an exceptional adjuster and that that he would address the matter with corrective action and objected to terminating Mr. McCowan. Assistant Vice President of Claims Bapst explained why Mr. McCowan's conduct did not warrant nor qualify as grounds for termination based on the way Great West had managed its employees and conducted business in Texas. After all, Dillon Transport did not terminate its relationship with Great Western in December of 2018.

11. Mr. Bapst investigated the matter and concluded that Mr. McCowan's intentions had been to contact the client, and that Mr. McCowan had gotten sidetracked on another client's claim and hadn't contacted the client on the date reflected in the company's system. Assistant Vice President of Claims Bapst then counseled Mr. McCowan on his actions and advised Vance Severson that Mr. McCowan should be reprimanded and placed on a corrective action plan.

12. At that point things became very unexplainable to Assistant Vice President of Claims Bapst. Mr. Severson ignored his Assistant Vice President of Claims findings and recommendations and the HR protocol that was in place to manage the Texas office. Instead, Mr. Severson ordered a separate investigation to gather evidence to make Mr. McCowan look bad and hide Mr. Severson's racially motivated decision to terminate Mr. McCowan. Assistant Vice President of Claims Bapst objected and did not support Mr. Severson's decision to terminate Mr. McCowan. Assistant Vice President of Claims Bapst could not explain or find a legitimate business reason to treat Mr. McCowan differently that his non-African American peers and terminate his employment. Great West had not lost Dillon Transport as a client. Assistant Vice President of Claims Bapst disagreed with

that the pre-text decision to terminate Mr. McCowan because it substantially departed from Great West's normal course of dealing.  Mr. McCowan, according to Great West's Texas course of dealing and procedure, should have been provided remedial training and placed on a corrective action program.  However, the problem at issue was something Assistant Vice President of Claims Bapst could not change, i.e. the color of Mr. McCowan's skin and the fact he was an African American.

13. In an attempt to cover up its racially motivated footsteps after Assistant Vice President of Claims Bapst objected, Great West's management decided to bypass the Texas HR department and send a representative from Nebraska to audit Mr. McCowan's phone records and computer entries to locate evidence to support Mr. Severson's decision to terminate Mr. McCown. Vance Severson assigned Mark McCarthy, an employee from South Sioux City Nebraska to come to Texas to investigate Mr. McCowan rather than follow the standard protocol of having the Texas Human Resource Manager in Texas investigate and handle the matter.  Mr. Severson's problem was that the Texas HR department was not going to support his decision to terminate African American McCowan.

14. Vance Severson circumvented Texas Human Resource Manager in Texas ,Mary Bongard's responsibility to investigate and handle the McCowan matter because he understood that Ms. Bongard would not support his racially motivated decision to terminate Mr. McCowan. Mr. Severson created and authorized a  pretext investigation that did not comply with Great West protocol, company policy and disciplinary procedures in order to find or create evidence to support his decision to terminate the African American.

15. Mr. Severson instructed Assistant Vice President of Claims Bapst to terminate Mr. McCowan. Assistant Vice President of Claims Bapst refused to terminate Mr. McCown because he believed terminating Mr. McCowan was not justified and was morally wrong. Mr. Bapst was so distraught over Mr. Severson's discrimination that he began to experience anxiety and depression. Assistant Vice President of Claims Bapst could not mentally process or discern how to handle a direct order to terminate an employee for racially motivated reasons. Mr. Severson's racial discrimination created a toxic work environment in the Texas office for Assistant Vice President of Claims Bapst. Instead of terminating Mr. McCowan, Mr. Bapst sought medical treatment for his anxiety and depression created by the toxic environment that discriminated against a good man because of the color of his skin. Mr. Bapst exercised his legal right to take medical leave and provided Great West with a medical verification that he was not capable of working during December 18-20, 2018.

16. Mr. Severson was undeterred by Mr. Bapst's objection and refusal to terminate Mr. McCowan. Instead, Mr. Severson instructed someone to send a fraudulent memorandum authored by Assistant Vice President of Claims Bapst advising Mr. McCowan he was terminated. A true and correct copy of the fraudulent memorandum is attached hereto as Exhibit A. Mr. Bapst did not author nor send the December 18, 2018 memorandum to Mr. McCowan. Great West also retaliated against Assistant Vice President of Claims Bapst and terminated Mr. Bapst in retaliation for opposing Great West's racial discrimination of Mr. McCowan. Mr. Bapst is pursuing a wrongful termination and retaliation claim against Great West. Mr. Bapst never stated: "We no longer believe that your values align with Great West." Mr. Bapst did not authorize anyone to use his name to terminate Mr.

McCowan's employment. The fraudulent memorandum advised Mr. McCowan to contact Mark McCarty or Brian Weatherwax. Vance Severson was copied on the fraudulent Memorandum.

17. When Mr. Bapst objected to Great West's discrimination, he was terminated while he was on medical leave. Plaintiff McCowan files this suit to hold Defendant Great West accountable for its improper discriminatory conduct that cannot be tolerated in a civilized community.

## III.
## JURISDICTION, VENUE AND STATEMENT OF MONETARY RELIEF

18. Jurisdiction is invoked to seek a redress of violations of the Texas Commission on Human Rights Act of 1983 (TCHRA), as amended Tex. Lab. Code Ann. **§ 21.001, et seq., (Chapter 21 of the Texas Labor Code) which Act's purpose is to secure to those within the state freedom from discrimination in employment.**

19. Plaintiff seek relief within the jurisdictional limits of this court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

20. Venue is proper pursuant under §15.002 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## IV.
## DISCOVERY LEVEL

21. Plaintiff intends that discovery be conducted under Level 3 of Rule 109.4 of the TEXAS RULES OF CIVIL PROCEDURE.

## V.
## CONDITIONS PRECEDENT

---

**PLAINTIFF'S ORIGINAL PETITION – Page 7**

22. Pursuant to Tex. R. Civ. P. 54, Plaintiff pleads that all conditions precedent have been performed or have occurred.

23. Plaintiff Darrell McCowan filed a charge of race and national origin discrimination Charge No. 1A19690 with the Texas Workforce Civil Rights Division ("TWC") on February 13, 2019. On May 7, 2019 the Texas Workforce Civil Rights Division similarly issued a Notice of Right to File a Civil Action. Great West's general counsel Craig Posson has received a copy of the right to sue letter.

24. This lawsuit has been timely filed.

## VI.
## FACTS

**A.    Defendant.**

25. Defendant Great West markets itself as an honest company and that "*treat[s] everyone honestly and fairly, with dignity and respect*"[1] and that it is "*a family of diverse insurance professionals who respect and mentor each other to ensure our mutual success*."[2] However, Great West's marketing and company policy does not apply to black African American employees.

26. Defendant Great West treated a black African American employee, Darrell McCowan disparately different.

27. During the time Plaintiff worked for Defendant Great West, he was managed by the Texas office. However, Defendant Great West had recently transferred control of managing the Texas office to Great West's Nebraska office. The management team of the Nebraska office was predominantly white and did not appreciate the benefit of working with African

---

[1] https://www.gwccnet.com/culture
[2] *Id*

American employees. The Nebraska office held black African American employees to a different standard that non African American employees working at Great West.

**B.    Plaintiff**

28. Darrell McCowan began working for Defendant Great West as a Sr Liability Adjuster on or around December 16, 2013 in the Texas office.

29. After approximately 2.5 years, Mr. McCowan was promoted within the Texas office to a Sr 2 Liability Adjuster. In his papers for promotion effective June 6, 2016, his superiors wrote "Darrell is a professional who takes pride in how he represents Great West Casualty and our customers." During this time period, Mr. McCowan was under the control of the Texas management.

30. Darrell's supervisor, Richard Bapst, recognized and acknowledged that Darrell was a dedicated hard-working employee of Great West. Darrell's Performance Appraisal Summaries for 2016, 2017 and 2018 continuously revealed accolades regarding Darrell's work performance:

  - **Delivered good customer service-consistency is the key;**
  - **Darrell keeps our GWCC customers informed at key intervals in the claims process;**
  - 
  - **Darrell is a dedicated employee and proud representative of Great West**.

31. On February 7, 2018, Executive Vice President for the Texas office, Phil Mahoney, wrote a personal comment on Darrell's Performance Appraisal thanking him for his *"...attention to detail, professionalism and claims knowledge...let's make 2018 even better."* By all accounts Darrell was a great employee who contributed to the success of the company.

32. Prior to December 2018, there was nothing in Darrell's employment performance with Great West that he was anything but a motivated and loyal employee who worked hard at his job as senior claims adjuster for the company.

33. On December 10, 2018, Darrell received a claim in the company's system from client, Dillon Transport. Darrell entered information into the company's system and started to contact the client when he got sidetracked with another Great West client's claim. Darrell spoke with the client on December 11, 2018 at which time the client advised there was discrepancy in the claim status notes of a contact on December 10, 2018, which had not occurred. On December 12, 2018 Darrell emailed his managers, Vance Severson and Richard Bapst, advising he had spoken with the client and again apologized for the December 10, 2018 incident.

34. Great West's Nebraska management team headed by Vice President of Claims, Vance Severson, advised Darrell's supervisor, Richard Bapst, that they wanted to terminate Darrell. Mr. Bapst objected to the termination because he felt the termination was wrong and believed that Mr. McCowan was being terminated because he was a black African American. Defendant Great West's Nebraska management team was white and imposed a different performance standard for African American employees.

35. Great West's company protocol and course of dealing in Texas required Great West, at most, to place Mr. McCowan into a corrective action plan for his actions rather than terminate his employment. Despite the objections of Mr. Bapst and Mary Bongard, Mr. Severson issued an order to terminate Mr. McCowan. In order to find evidence to support his decision, Mr. Severson had the Nebraska office investigate the matter and examine Mr. McCowan's emails and phone records as a pretext to obtain information to support his

decision to terminate Mr. McCowan. Mr. Severson did not have Ms. Bongard conduct the HR investigation.

36. Mr. Bapst, the second highest ranking person in the Texas office along with the Texas HR department didn't agree with the McCowan investigation because Great West didn't examine and audit others that were not black African Americans. Mr. Bapst believed Great West's investigation headed by Mr. Severson was simply a charade to obtain some evidence to support the decision to terminate a black, African American employee.

37. Vance Severson put Mark McMarty, an employee who works out of the South Sioux City, Nebraska office in charge of the McCowan investigation. Regular procedure would have been to have Mary Bongard, the Texas HR department manager, conduct the investigation. However, since Mr. Severson knew Mr. Bapst and Ms. Bongard didn't agree with the termination. Mr. Severson stacked the deck to support his racially motivated termination decision.

38. Following the pre-text investigation, on December 18, 2018 Great West terminated Darrell McCowan. Mr. McCowan was advised he was terminated for fraud.

39. The Texas Great West office has had several incidences of non-black employees violating company procedures and policies with comparable seriousness. Non-black African American employees who were caught using the company credit card for personal use, falling asleep at their desk, coming to work intoxicated and drinking alcohol during lunch, not answering the phone when designated as the "on-call adjuster" and/or using the company credit card to place gambling bets or pay gambling debts were treated differently. For company infractions such as these, Great West put non-black African American employees on a corrective action plan. However, a black African American employee,

Darrell McCowan, who admittedly made a mistake had to be terminated. Mr. McCowan was treated less favorably than similarly situated members of a non-protected class whose misconduct was far more severe than Mr. McCowan's conduct.

40. Great West's termination of Darrell McCowan because he is a black African American illustrates Great West's discriminatory illegal behavior.

41. Great West discriminated against Darrell McCowan on account of his race and the color of his skin in violation of Chapter 21 of the Texas Labor Code by discriminating against him in the terms, conditions and privileges of his employment. Great West's actions were conducted with malice or reckless indifference to Plaintiff's state protected rights making exemplary damages appropriate. Thereafter, Mr. Severson terminated Richard Bapst for opposing his discriminatory practice. Mr. Bapst has also asserted a retaliation claim arising from Mr. Severson and Great West's retaliating against him for engaging in the protected activity of opposing a racial discriminatory action.

## VII.
## CAUSES OF ACTION

**COUNT I**
**RACE DISCRIMINATION AND RACIALLY HOSTILE WORK**
**ENVIRONMENT IN VIOLATION OF THE TEXAS LABOR CODE**

42. Plaintiff incorporates by reference all facts as set forth in the preceding paragraphs.

43. Defendant violated Plaintiff's civil rights in violation of Chapter 21 of the Texas Labor Code by unlawfully discriminating against Plaintiff with respect to his race (African American) his color (black) because of or on the basis of Plaintiff's race and color. *See Tex. Lab. Code §21.051.*

44. Under the TCHRA, an employer commits an unlawful employment practice if, because of

---

an employee's race, the employer "discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LABOR CODE ANN. § 21.051(1) (Vernon 2006). The Texas Legislature patterned the TCHRA after federal law "for the express purpose of carrying out the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." *Elgaghil v. Tarrant Cnty. Junior Coll.*, 45 S.W.3d 133, 139 (Tex. App.— Fort Worth 2000, pet. denied); *see also Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001) (stating same).

45. Mr. McCowan as a black African American was a member of a protected class; was qualified for the position; suffered an adverse employment action when he was fired and was treated less favorably than other similarly situated employees outside the protected group. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 554 (Tex. App.—Dallas 2006, no pet.).

46. Great West's termination reason was a mere pretext for unlawful discrimination.

47. Defendant's violation consisted of discrimination of a continuous nature and led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment with Defendant.

48. Defendant is vicariously liable for the acts of its managers and supervisors. Further, Plaintiff can show Great West's management is responsible for the discrimination and harassment because managers were the ones making the discriminatory and racist actions and decisions. Such employment practices were not job related and were not consistent with business necessity.

49. Defendant lacked effective policies, procedures, and/or training to prevent race-based discrimination and harassment in the workplace.

50. Defendant's actions created a hostile work environment and subjected Plaintiff to discrimination and harassment.

51. Defendant is liable to Plaintiff for race discrimination in violation of the Texas Labor Code. Plaintiff is a member of a racial minority. Defendant intended to discriminate against Plaintiff on the basis of his race, and color, African-American and Black.

52. Plaintiff was qualified for his position. Plaintiff received promotions and accolades for his employment performance when he worked under the direction and control of the Texas office. Plaintiff was treated disparately than Hispanic and white employees without a legitimate reason. Plaintiff suffered monetary damages in the past and future as a result of Defendants' discrimination.

53. Plaintiff's race was a motivating factor in Defendant's disparate treatment of Plaintiff and in its unlawful termination of employment. Defendant's discrimination proximately caused Plaintiff's damages.

54. All discrimination and retaliation taken by Defendant was undertaken in bad faith, with malice, and intent to harm, or requisite knowledge of the potential for harm to Plaintiff.

55. Plaintiff suffered damages as a result of the unlawful discrimination, including financial losses in the past and future, pain and suffering and extreme and severe mental anguish as well as past and future emotional damages, and all other damages as permitted at law.

56. The above-described acts on Defendant's part were intentional, committed with malice and/or in disregard to Plaintiff's civil rights in violation of the Texas Labor Code, which proximately caused Plaintiff substantial injuries and damages.

---

## COUNT II
## RACE DISCRIMINATION AND RACIALLY HOSTILE
## WORK ENVIRONMENT IN VIOLATION OF TITLE VII

57. Plaintiff incorporates by reference all facts as set forth in the preceding paragraphs. This action arises under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e et. seq. as amended, and jurisdiction is proper under said Act.

58. Defendant violated Plaintiff's civil rights in violation of Title VII by unlawfully discriminating against Plaintiff with respect to his race (African American) and his color (black) because of or on the basis of Plaintiff's race and color. Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e et. seq.

59. Mr. McCowan as a black African American was a member of a protected class. Mr. McCowan was qualified for the position at issue. Mr. McCowan suffered an adverse employment action when he was fired by Defendant Great West. Mr. McCowan was treated less favorably than other similarly situated employees outside the protected group. Great West's termination reason was a mere pretext for the real discriminatory purpose.

60. Defendant's violation consisted of discrimination of a continuous nature and led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment with Defendant.

61. Defendant is vicariously liable for the acts of its managers and supervisors. Further, Plaintiff can show Great West's management is responsible for the discrimination and harassment because managers were the ones making the discriminatory and racist actions and decisions. Such employment practices were not job related and were not consistent with business necessity.

62. Defendant lacked effective policies, procedures, and/or training to prevent race-based

discrimination and harassment in the workplace.

63. Defendant's actions created a hostile work environment and subjected Plaintiff to discrimination and harassment.

64. Defendant is liable to Plaintiff for race discrimination in violation of the Texas Labor Code. Plaintiff is a member of a racial minority. Defendant intended to discriminate against Plaintiff on the basis of his race, and color, African-American and Black.

65. Plaintiff was qualified for his position. Plaintiff received promotions and accolades for his employment performance when he worked under the direction and control of the Texas office. However, Great West's Nebraska management treated Plaintiff differently than Hispanic and white employees without a legitimate reason. Plaintiff suffered monetary damages in the past and future as a result of Defendants' discrimination.

66. Plaintiff's race was a motivating factor in Defendant's different treatment of Plaintiff and in its unlawful termination of Mr. McCowan's employment. Defendant's discrimination proximately caused Plaintiff's damages.

67. All discrimination and retaliation taken by Defendant was undertaken in bad faith, with malice, and intent to harm, or requisite knowledge of the potential for harm to Plaintiff.

68. Plaintiff suffered damages as a result of the unlawful discrimination, including financial losses in the past and future, pain and suffering and extreme and severe mental anguish as well as past and future emotional damages, and all other damages as permitted at law.

69. The above-described acts on Defendant's part were intentional, committed with malice and/or in disregard to Plaintiff's civil rights in violation of the Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e et. seq., which proximately caused Plaintiff substantial injuries and damages.

**COUNT III**
**RACE DISCRIMINATION UNDER 42 U.S.C. § 1981**

70. Plaintiff re-alleges and incorporates by reference all allegations as set forth in the preceding paragraphs.

71. This is a proceeding for damages, a declaratory judgment, injunctive and other relief to secure the rights of plaintiff under 42 U.S.C. § 1981 and 1981a. It is brought to prevent defendant from maintaining a policy, practice, custom or usage, of discriminating and retaliating against plaintiff in regard to terms, conditions and privileges of employment and to compensate plaintiff for his mental anguish, emotional distress and financial losses occasioned by defendant's discriminatory and retaliatory actions.

72. The right of Plaintiff Darrell McCowan to be free from employment discrimination on the basis of his race is protected by U.S.C.§1981, and this cause of action is brought within the time permitted by that statute.

73. Plaintiff, a black African-American, was qualified for his position. Plaintiff was treated differently from employees that did not have black skin and were not African American without legitimate reason. Plaintiff's race was a motivating factor in Defendant's different treatment of Plaintiff and in its unlawful termination of employment. Defendant's race discrimination proximately caused Plaintiff's damages.

74. Additionally, Plaintiff, as an African American, engaged in protected activity by filing charges of race discrimination with the Equal Employment Opportunity Commission, the Texas Workforce Commission and by filing this complaint.

75. As a result of defendants' unlawful conduct plaintiff has suffered loss of employment, loss of income, loss of reputation, loss of enjoyment of life, and severe emotional distress, for which he seeks backpay, front pay or reinstatement and compensatory damages.

---

**PLAINTIFF'S ORIGINAL PETITION – Page 17**

76. Defendant's actions complained of herein were taken with malice or with a conscious disregard for plaintiffs federally protected rights, making an award of exemplary damages appropriate.

## VIII.
## CONTINUING TORT

77. Defendant's actions and omissions constitute a continuing tort.

78. As a result, the statutes of limitations for the foregoing tort causes of action have not begun to run, have not runs, and/or have been tolled.

79. Within the appropriate time of the acts of which he complains, plaintiff filed a charge of discrimination, under oath, with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights. Plaintiff received his notice of right-to-file-civil-action with respect to his charge of discrimination, and Plaintiff timely filed suit.

80. Plaintiff has no plain or adequate remedy at law to correct all the wrongs complained of herein, and files this suit for declaratory and injunctive relief as his only means of securing relief. Further, plaintiff is now suffering and will continue to suffer irreparable injury from Great West's policies, practices, customs, and usages set forth herein.

## IX.
## JURY DEMAND

81. Plaintiff hereby makes a request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## X.
## REQUEST FOR DISCLOSURE

82. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

**PLAINTIFF'S ORIGINAL PETITION – Page 18**

## XI.
## DAMAGES AND PRAYER

**FOR THESE REASONS**, Plaintiff Darrell McCowan respectfully prays that Defendant

Great West be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for Plaintiff against Defendant as follows:

a. Grant Plaintiff a permanent injunction, enjoining Great West, its agents, employees, successors, assigns and all persons in active concert or participation with it, from discriminating against him in violation of Chapter 21 of the Texas Labor Code;

b. Find defendant's practices complained of herein, *i.e.,* his unlawful treatment and firing, to be in violation of Chapter 21 of the Texas Labor Code;

c. Grant Plaintiff a declaratory judgment, declaring defendant's practices complained of herein to be in violation of the Chapter 21 of the Texas Labor Code;

d. Grant Plaintiff reinstatement, promotion, back pay, and/or front pay, damages, or any other appropriate relief to compensate him for the wrongs complained of herein;

e. Grant Plaintiff actual damages for the period of time provided by law, including appropriate including appropriate backpay, commissions, bonuses and any other compensation, and reimbursement for lost insurance, and all other fringe benefits from the date of wrongful termination to the date of the trial of this cause;

f. Compensatory damages in the maximum amount allowable by law;

g. Special or consequential damages in the maximum amount allowable by law;

h. Exemplary and punitive damages in the maximum amount allowable by law;

i. Pecuniary damages in the maximum amount allowable by law;

j. Costs of bringing this action, including, without limitation, costs of court, expert witness fees incurred by Plaintiff in the preparation and prosecution of this action and expenses;

k. Reasonable and necessary attorney fees;

l. Pre-judgment and post-judgment interest at the maximum rate allowable by law; and

m. All such other and further relief to which Plaintiff may be justly entitled by equity or statute.

Respectfully submitted,

*/s/ William E. Reid*

WILLIAM E. REID
State Bar No. 16748500
*wreid@reiddennis.com*
*efilenotifcations@reiddennis.com*

# OFFICER'S RETURN

Case No. : DC-19-06818

Court No.116th District Court

Style: DARRELL W MCCOWAN

vs.

GREAT WEST CASUALTY COMPANY

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $ _____. | _____ | |
| For mileage | $ _____ | of _____ County, _____ | |
| For Notary | $ _____ | By _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**GREAT WEST CASUALTY COMPANY**
**SERVE ATTORNEY FOR SERVICE**
**DAVID SARGENT**
**1717 MAIN ST STE 4750**
**DALLAS TX  75201-7346**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DARRELL W MCCOWAN**

Filed in said Court  **13th day of May, 2019** against

**GREAT WEST CASUALTY COMPANY**

For Suit, said suit being numbered **DC-19-06818,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of May, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        FERNANDO SOTO

---

**ESERVE**

**CITATION**

**DC-19-06818**

**DARRELL W MCCOWAN**
**vs.**
**GREAT WEST CASUALTY COMPANY**

ISSUED THIS
**15th day of May, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  FERNANDO SOTO, Deputy

_____

**Attorney for Plaintiff**
WILLIAM E REID
REID & DENNIS PC
2600 DALLAS PARKWAY
SUITE 380
DALLAS TX  75034-8128
214-618-1400

wreid@reiddennis.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-19-06818

Court No.116th District Court

Style: DARRELL W MCCOWAN

 vs.

GREAT WEST CASUALTY COMPANY

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
5/20/2019 4:51 PM
FELICIA PITRE
DISTRICT CLERK

Daniel Macias

Case 3:19-cv-01401-B   Document 1   Filed 06/11/19   Page 35 of 48   PageID 35

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**GREAT WEST CASUALTY COMPANY**
**SERVE ATTORNEY FOR SERVICE**
**DAVID SARGENT**
**1717 MAIN ST STE 4750**
**DALLAS TX  75201-7346**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DARRELL W MCCOWAN**

Filed in said Court  **13th day of May, 2019** against

**GREAT WEST CASUALTY COMPANY**

For Suit, said suit being numbered <u>**DC-19-06818,**</u> the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of May, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
　　　　　FERNANDO SOTO

---

<u>**ESERVE**</u>

**CITATION**

**DC-19-06818**

**DARRELL W MCCOWAN**
**vs.**
**GREAT WEST CASUALTY COMPANY**

ISSUED THIS
**15th day of May, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  FERNANDO SOTO, Deputy

_____

**Attorney for Plaintiff**
WILLIAM E REID
REID & DENNIS PC
2600 DALLAS PARKWAY
SUITE 380
DALLAS TX  75034-8128
214-618-1400

wreid@reiddennis.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## CAUSE NO. DC-19-06818

| | | |
|---|---|---|
| DARRELL W. MCCOWAN | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| GREAT WEST CASUALTY COMPANY | § | |
| Defendant. | § | 116TH DISTRICT COURT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **David Whitehead** who, being by me duly sworn, deposed and said:

"The following came to hand on **May 19, 2019, 4:00 am,**

**CITATION; PLAINTIFFS ORIGINAL PETITION,**

and was executed at **1717 Main St SUITE 4750, Dallas, TX 75201** within the county of **DALLAS** at **04:43 PM** on **Mon, May 20 2019,** by delivering a true copy to the within named

**GREAT WEST CASUALTY COMPANY B/S ATTORNEY FOR SERVICE DAVID SARGENT**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **David Whitehead**, my date of birth is **10NOV1966** , and my address is **2293 Hawes Ave Suite 2177, Dallas, TX 75235,** and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Dallas** County, State of **TX**, on **May 20, 2019**.

David Whitehead
Certification Number: PCS12227 EXP: 31AUG2019
Certification Expiration:

NO. DC-19-06818

| | | |
|---|---|---|
| DARRELL W. MCCOWAN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 116th JUDICIAL DISTRICT |
| | § | |
| GREAT WEST CASUALTY COMPANY, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |
| | § | |

## DEFENDANT GREAT WEST CASUALTY COMPANY'S GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Great West Casualty Company ("GWCC") and files this its General Denial to Plaintiff Darrell W. McCowan's ("Plaintiff") Original Petition and respectfully states as follows:

## I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, GWCC generally denies each and every, all and singular, in whole or in part, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as required by law.

## II.

### SPECIFIC DEFENSES

Without assuming any burden of proof not required by law, GWCC asserts the following defenses:

1.      Plaintiff's claims for damages are subject to applicable Constitutional and statutory caps and/or limitations.

**DEFENDANT'S GENERAL DENIAL – Page 1**
DB1/ 104179098.3

2.      All actions taken by Defendant with regard to Plaintiff were taken in good faith, Defendant made good faith efforts to comply with applicable law, and there were reasonable grounds for Defendant to believe its acts or omissions were in conformity with applicable law.

3.      Without admitting any of the allegations contained in Plaintiff's Original Petition, Defendant avers that, even if Plaintiff's race and/or color were considered in any of Defendant's acts or decisions, Defendant would have made the same decisions and/or taken the same actions regardless of the impermissible factor(s).

### III.  PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Great West Casualty Company prays that the actions against Defendant be dismissed, with prejudice; that judgment be entered in favor of Defendant; that Plaintiff takes nothing by the above-captioned action; and that GWCC be awarded such other and further relief, at law or in equity, to which it may show itself to be justly entitled in law or in equity.

Dated: JUNE 6, 2019                                MORGAN, LEWIS & BOCKIUS LLP


By: */s/Robert E. Sheeder*
    Robert E. Sheeder
    Attorney-In-Charge
    Bar No. 18174300
    robert.sheeder@morganlewis.com

    Lauren A. West
    Bar No. 24070831
    lauren.west@morganlewis.com

1717 Main Street, Suite 3200
Dallas, TX  75201-7347
Telephone: 214.466.4000
Facsimile: 214.466.4001

ATTORNEYS FOR DEFENDANT
GREAT WEST CASUALTY COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of June 2019, the foregoing document was served on counsel of record via eFile Texas.

William E. Reid
REID & DENNIS PC
2600 Dallas Parkway
Suite 380
Dallas, Texas 75034-8128

*/s/Robert E. Sheeder*
Robert E. Sheeder

FILED
DALLAS COUNTY
6/7/2019 10:07 AM
FELICIA PITRE
DISTRICT CLERK

Martin Reyes

# REID & DENNIS

### ATTORNEYS AND COUNSELORS AT LAW

TELEPHONE (972) 991-2626 ♦ (214) 618-1400
FACSIMILE  (972) 991-2678 ♦ (214) 618-1653

**FRISCO OFFICE**
2600 Dallas Parkway | Suite 380
Frisco, Texas 75034-8128

**WILLIAM E. REID, Esquire**
wreid@reiddennis.com

**DALLAS OFFICE**
3131 McKinney Avenue | Suite 600
Dallas, Texas 75204-2456

**Direct Dial (214) 618-0699**
www.reiddennis.com

June 7, 2019

**Via E-File**

116th Judicial District Court Clerk
600 Commerce Street
Dallas Texas 75202

Re:  *Cause No.* **DC-19-06818***; Darrell McCowan vs. Great West Casualty Company; In the 116th Judicial District Court of Dallas County, Texas*

Dear Clerk:

Please accept this as my Vacation Letter to advise the Court and all counsel of record that I will be on vacation from July 22 -26, 2019.  It is requested that all counsel refrain from scheduling any trials, hearings or depositions during this time. I further request the Court not schedule any hearings/events which may require my attendance.

Respectfully submitted,

*/s/ William E. Reid*

William E. Reid

/WER

cc:
*Via eServe:*
All counsel of record

FILED
DALLAS COUNTY
6/10/2019 2:22 PM
FELICIA PITRE
DISTRICT CLERK

Veronica Vaughn

# Morgan Lewis

**Robert E. Sheeder**
Partner
+1.214.466.4110
robert.sheeder@morganlewis.com

June 10, 2019

116th District Court Coordinator          *Via E-File*
600 Commerce Street
Dallas, Texas 75202

Re:    Cause No. DC-19-06818; *Darrell McCowan vs. Great West Casualty Company*; In the
       116th Judicial District Court of Dallas County, Texas

Dear Sir or Madam:

Please accept this as my vacation letter.  I have pre-purchased tickets and reservations and will be on vacation starting July 15, 2019 through July 21, 2019.  I would greatly appreciate it if the Court would accommodate my request that no hearings or trial setting be scheduled during this time period in the above-cited case.

Thank you for your attention to this matter.  Do not hesitate to contact me if you need anything further.

Very truly yours,

*/s/Robert E. Sheeder*

**Morgan, Lewis & Bockius** LLP

1717 Main Street, Suite 3200
Dallas, TX  75201-7347
United States

T +1.214.466.4000
F +1.214.466.4001

Case 3:19-cv-01401-B    Document 1    Filed 06/11/19    Page 42 of 48    PageID 42

## Case Information

DC-19-06818 | DARRELL W MCCOWAN vs. GREAT WEST CASUALTY COMPANY

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-19-06818 | 116th District Court | PARKER, TONYA |
| File Date | Case Type | Case Status |
| 05/13/2019 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
MCCOWAN, DARRELL W

Active Attorneys ▾
Lead Attorney
REID, WILLIAM E
Retained

DEFENDANT
GREAT WEST CASUALTY COMPANY

Address
SERVE ATTORNEY FOR SERVICE
DAVID SARGENT
1717 MAIN ST STE 4750
DALLAS TX 75201-7346

Active Attorneys ▾
Lead Attorney
SHEEDER, ROBERT ELWOOD
Retained

Attorney
WEST, LAUREN A.
Retained

## Events and Hearings

05/13/2019 NEW CASE FILED (OCA) - CIVIL

05/13/2019 ORIGINAL PETITION ▾

Original Petition

05/13/2019 ISSUE CITATION ▾

ISSUE CITATION

05/15/2019 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
05/20/2019
Comment
ESERVE

05/20/2019 RETURN OF SERVICE ▾

EXECUTED CITATION - GREAT WEST CASUALTY COMPANY

   Comment
   EXECUTED CITATION - GREAT WEST CASUALTY COMPANY

06/06/2019 ORIGINAL ANSWER - GENERAL DENIAL ▾

Defendant's General Denial.pdf

06/07/2019 VACATION LETTER

06/10/2019 VACATION LETTER

## Financial

MCCOWAN, DARRELL W

|  |  |  |
|---|---|---|
| Total Financial Assessment | | $300.00 |
| Total Payments and Credits | | $300.00 |

| Date | Description | | | Amount |
|---|---|---|---|---|
| 5/14/2019 | Transaction Assessment | | | $300.00 |
| 5/14/2019 | CREDIT CARD - TEXFILE (DC) | Receipt # 32133-2019-DCLK | MCCOWAN, DARRELL | ($300.00) |

## Documents

Original Petition

ISSUE CITATION

EXECUTED CITATION - GREAT WEST CASUALTY COMPANY

Defendant's General Denial.pdf

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DARRELL W. MCCOWAN

## DEFENDANTS

GREAT WEST CASUALTY COMPANY

**(b)** County of Residence of First Listed Plaintiff    Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Reid & Dennis PC
2600 Dallas Pkwy., Ste. 380
Dallas, TX 75248        (214) 618-1400

Attorneys *(If Known)*
Morgan Lewis & Bockius LLP
1717 Main St., Ste. 3200
Dallas, TX 75201        (214) 466-4000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government    Plaintiff

☐ 2   U.S. Government    Defendant

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 42 U.S.C. 2000e, et. seq., 42 U.S.C. 1981
Brief description of cause:
Diversity, Race discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE   N/A      DOCKET NUMBER   N/A

DATE   06/07/2019

SIGNATURE OF ATTORNEY OF RECORD   /s/Robert E. Sheeder

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**   Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b)**    **County of Residence.**   For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c)**    **Attorneys.**   Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**   The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**   This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**   Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**   Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**   Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**   Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**   This section of the JS 44 is used to reference related pending cases, if any.  If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.**   Date and sign the civil cover sheet.

# Supplemental Civil Cover Sheet for Cases Removed
# From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 116th Judicial District Court of Dallas County, Texas | DC-19-06818 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Darrell W. McCowan - Plaintiff | William E. Reid, State Bar No. 16748500,Reid & Dennis |
   | | 2600 Dallas Pkwy.,#380,Dallas,TX75034,214.618.1400 |
   | Great West Casualty Company - Defendant | Robert E. Sheeder, State Bar No. 16748500, |
   | | Morgan Lewis & Bockius, 1717 Main St., Ste.3200, |
   | | Dallas, TX 75201, 214.466.4000 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?   ✔ Yes        ☐ No

   If "*Yes,*" by which party and on what date?

   Plaintiff _____        5/13/2019 _____
   Party                                    Date

Supplemental Civil Cover Sheet
Page **2** of **2**

4. **Answer:**

Was an Answer made in State Court?   ☑ Yes        ☐ No

    If "*Yes*," by which party and on what date?

    <u>Defendant                         </u>        <u>6/4/2019          </u>
    Party                                                            Date

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|-------|--------------------------|
|       |                          |
|       |                          |
|       |                          |
|       |                          |
|       |                          |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|-------|--------|
|       |        |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|-------|----------|
| Plaintiff | Plaintiff alleges race  discrimination and hostile work environment under TX Labor Code, Title VII, and 1981. |
| Defendant | Defendant denies each and every allegation. |